Filed 1/28/26  P. v. McCarthy CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JAMES TIMOTHY MCCARTHY, JR.,<br><br>      Defendant and Appellant. | A169819<br><br>(Alameda County<br>Super. Ct. No. HC70220-2) |

This is an appeal from a postconviction order denying the motion by defendant James Timothy McCarthy, Jr., to unseal certain exhibits attached to his petition for writ of habeas corpus filed on November 8, 2021 (2021 habeas corpus petition).  We conclude defendant lacks standing to bring this appeal because he failed to identify any injury he suffered or will likely suffer if the exhibits remain sealed.  We thus dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2013, defendant was convicted by a jury of 10 counts of aggravated sexual abuse committed against his adopted daughter, Jane Doe, a minor.[1] In 2015, his conviction was affirmed on appeal.  (*People v. McCarthy* (Apr. 16, 2015, A138682) [nonpub. opn.].)  Since then, defendant has filed a

---

[1] The victim was declared a "Jane Doe" to protect her privacy, pursuant to Penal Code section 293.5.

1

steady stream of unsuccessful petitions for writ of habeas corpus in the trial and appellate courts.

Relevant here, on November 8, 2021, defendant filed the 2021 habeas corpus petition in propria persona seeking vacation of his convictions on grounds of due process and ineffective assistance of counsel. His petition attached multiple exhibits that included a "CALICO[2] interview transcript with the minor victim," " 'Oakland Police Case Notes,' " and two sets of notes between defendant and his trial attorney.

On December 16, 2021, the trial court, presided over by the Honorable Morris Jacobson, considered the 2021 habeas corpus petition, including defendant's attached exhibits. Afterward, the court issued an order: (1) sealing five of the eight exhibits attached to the 2021 habeas corpus petition in order to protect Jane Doe's identifying information, citing "protective orders issued previously in the underlying matter"; (2) denying the 2021 habeas corpus petition as successive, repetitious, untimely, and abusive; and (3) finding the 2021 habeas corpus petition failed to state a prima facie case for relief (hereinafter, 2021 sealing order).

On May 16, 2022, defendant filed a motion to unseal the five exhibits that were the subject of the 2021 sealing order. Defendant argued the trial court failed to comply with the requirements of California Rules of Court, rule 2.550(d), when it sealed the exhibits.[3]

On November 16, 2023, the trial court denied defendant's motion to unseal the exhibits. The court reasoned, in relevant part: "To the extent [defendant's] submissions . . . take exception with Judge Jacobson's sealing

---

[2] CALICO is an acronym for the Child Abuse, Listening, Interviewing, and Coordination Center.

[3] All further rule references are to the California Rules of Court.

order, those issues are not properly before this Court.  Consequently, this Court has not, and will not, consider any of [defendant's] arguments to the extent that they challenge any aspects of Judge Jacobson's sealing order." The court also expressed doubt that the sealed record rules in rules 2.550 and 2.551 were applicable given that the exhibits were produced to defendant during trial by the prosecution and were not used at trial.  Further, assuming those rules were applicable, the court found that defendant's "implicit interest appears to be a desire to use the court's presumptively-public records to harass or embarrass the victim" by naming her publicly despite the use of her pseudonym in court documents and orders.

On January 29, 2024, defendant filed a notice of appeal of the court's November 16, 2023 order.[4]

On July 18, 2024, defendant moved to settle the appellate record after the superior court clerk was unable to fulfill his request to augment the record to include the protective orders referenced in the 2021 sealing order. According to the clerk, defendant's augmentation request was "vague" because Judge Jacobson failed to specify in the 2021 sealing order "when the [referenced] orders were issued and how many orders may have been issued."

On July 19, 2024, this court granted defendant's motion to settle the appellate record, ordering the trial court to determine which protective orders were referenced in the sealing order and, if possible, to settle the record.

On August 19, 2024, in response to this court's order, the trial court issued a written scheduling order indicating "[t]he court has been able to ascertain" that the sealing order's reference to the "protective orders" was an "umbrella term referring to all orders, written and verbal, issued over the

---

[4] On January 17, 2024, this court summarily denied defendant's related petition for writ of mandate.

3

course of [defendant's] trial, which sought to protect the victim's identifying information, CALICO interviews, and similar information from disclosure as required by law." (Italics omitted.) The court then identified six documents and court records in the record below restricting public dissemination of such information, which it collectively deemed to be the protective orders referenced in the 2021 sealing order.[5] The scheduling order also cited Penal Code sections 293, 293.5, 964 and 1203.05 as provisions restricting the public disclosure of a victim's identifying and other sensitive information.[6]

On August 19, 2024, after defendant declined to stipulate to the proposed settled record in the scheduling order, the matter was returned to the trial court for further proceedings. However, the parties were unable to

_____

[5] The six documents identified in the scheduling order are: "1. Order filed June 14, 2012, restricting access to the CALICO Recording(s); [¶] 2. Minute Order dated November 8, 2012, indicating that the court had reviewed unspecified records, ordered two pages produced to the defense, and ordered the remainder of the records sealed; [¶] 3. On February 5, 2013, on Day Four of the jury trial, the trial judge ordered that the alleged victim's medical [psychotherapy] records may not be disclosed; [¶] 4. The February 5, 2013 minutes also reflect that the court, outside the presence of the jury, asked the alleged victim her name and any other names she uses, whereupon the court ordered the court reporter to seal the answers and further ordered that the victim's name(s) would remain sealed without a court order. Later that day, the minutes reflect that outside the presence of the jury, the court ordered the court reporter to seal a portion of the transcript in which the victim referred to herself by her nickname. [¶] 5. On February 7, 2013, Day Six of the jury trial, the court directed the court reporter on six separate occasions to seal the proper name of the alleged victim when it was referenced by the testifying witness. [¶] 6. At [defendant's] sentencing, the judge ordered a letter from the victim's mother to be placed under confidential cover along with the probation report. [R.T. of Sentencing, March 18, 2023, at pp. 3–4.]" (1st–6th bracketed insertions added, fn. omitted.)

[6] All further statutory citations are to the Penal Code.

4

come to an agreement regarding whether the scheduling order accurately reflected the protective orders referenced in the 2021 sealing order. Ultimately, the trial court made a finding that to the extent the parties' mutual agreement to settle the record was *not* required (as there was no such agreement), "the protective orders referred to in, and attached to, its July 25 2024 Scheduling Order accurately reflect the 'protective orders' referenced in Judge Jacobson's December 2021 Order. (See *People v. Beardslee* (1991) 53 Cal.3d 68, 116 [settlement of the record 'is primarily a question of fact to be resolved by the trial court.'].)"

## DISCUSSION

The trial court, in deciding to seal the challenged exhibits, referenced sections 293, 293.5, and 964, to wit, statutes designed to protect the privacy and identity of defendant's victim, Jane Doe. (E.g., § 293.5, subd. (a) ["the court, at the request of the alleged victim, may order the identity of the alleged victim in all records and during all proceedings to be either Jane Doe or John Doe, if the court finds that such an order is reasonably necessary to protect the privacy of the person and will not unduly prejudice the prosecution or the defense"].) On appeal, defendant does not question the court's legal basis for sealing the exhibits. Rather, defendant faults the court for sealing the exhibits "without first complying with the sealed record rules [to wit, rules 2.550 and 2.551]." As such, defendant contends his motion to unseal the exhibits should have been granted.

Defendant's contention fails. As explained *post*, defendant lacks standing to challenge the court's denial of his motion to unseal the exhibits. Accordingly, his appeal must be dismissed.

As our First Appellate District colleagues in Division Four explained: "Assuming that an order sealing documents pursuant to . . . rules 2.550 to

5

2.551 is an appealable collateral order, the order may be appealed only by a party aggrieved by the order (§ 902). For purposes of section 902, a party is aggrieved if an order 'injuriously affect[s]' its rights or interests. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 [citations].) The injured interest must be 'recognized by law' [citation], and the injury must be 'immediate, pecuniary, and substantial'; it cannot be nominal or be ' " 'a remote consequence of the judgment.' " ' (*County of Alameda, supra*, 5 Cal.3d at p. 737.) The injured interest also must belong *to the party*: 'a would-be appellant "lacks standing to raise issues affecting another person's interests." ' [Citation.] Section 902 is a remedial statute, so courts construe it liberally, resolving doubts in favor of standing." (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115 (*Six4Three*).)

Here, defendant has failed to demonstrate that he was in any way aggrieved by the challenged order. Indeed, defendant failed to allege any injury whatsoever flowing from the denial of his motion. Nor could he. It is well settled that when a trial court seals a record from public view in a particular case, both the trial court and the reviewing court retain access to the confidential material for purposes of making their rulings. (See, e.g., *People v. Prince* (2007) 40 Cal.4th 1179, 1285 [trial court conducted review of sealed record; appellate courts "routinely independently examine[] the sealed records of such in camera hearings"]; *People v. Hughes* (2002) 27 Cal.4th 287, 330 [when personnel records reviewed by trial court are sealed, the appellate court may conduct in camera review].)

Consistent with this settled law, the trial court made clear in its written order: "To the extent McCarthy argues his habeas corpus claims were 'eviscerated' by placing certain exhibits under seal, the Court respectfully disagrees. All exhibits were considered before ruling on the

6

habeas petition. McCarthy's petition was denied not because the exhibits were placed under seal but because the petition was devoid of merit." Thus, similar to the appellant in *Six4Three*, "the sealing order did not impair [his] ability to use the documents in this litigation. (See *Nephrology Leaders & Associates v. American Renal Associates LLC* [(Tex.Ct.App. 2019)] 573 S.W.3d [912,] 914 & fn. 2 [party that had copies of documents and used them in action lacked standing to appeal sealing order].)" (*Six4Three, supra*, 49 Cal.App.5th at p. 115, 1st–3d bracketed insertions added.)

Accordingly, under *Six4Three* and the authority cited therein, defendant's appeal cannot proceed given the absence of any showing of injury.[7]

In so holding, we acknowledge that in his reply brief defendant argues for the first time, "Although the sealing order does not affect [his] ultimate conviction or sentence, both the public and [defendant] retain a continuing and legally protected interest in the transparency of judicial records. This right is not vitiated simply because the superior court already considered the material. The issue on appeal is whether the documents were lawfully sealed—not whether the court had access to them before doing so. The determination of whether the sealing was proper remains 'live,' and a favorable decision on appeal could result in unsealing, vindicating both [his] and the public's right to access court records."

---

[7] Defendant tries to distinguish *Six4Three*, a civil case, by arguing that "the instant appeal arises from a post-conviction habeas corpus proceeding, where the public interest in transparency is considerably heightened. (*Richmond Newspapers v. Virginia* (1980) 448 U.S. 555, 578 [65 L.Ed.2d 973] (plurality opinion).)" There is no prevailing "public interest in transparency" when it comes to the identifying information of children who are the victims of sexual abuse such as occurred here.

Even assuming for the sake of argument that defendant did not forfeit this argument (he did), it nonetheless fails. "While the sealing order undoubtedly affects the ability of the public to view the sealed documents, neither any of the media that appeared in the trial court nor any other party purporting to represent the interests of the public has joined in this appeal. We do not minimize the importance of the public's interest in access to such documents (see *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1197–1212 [citations]), nor presume that there is no merit to the contention that the sealing order here is overly broad, but that determination is subject to appeal only by a party aggrieved by the order." (*Six4Three, supra*, 49 Cal.App.5th at pp. 115–116.)

This appeal is dismissed.[8]

## DISPOSITION

The appeal is dismissed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.

A169819/*People v. McCarthy*

---

[8] Given our holding that defendant lacks standing to bring this appeal, we need not address the merits of his challenge to the denial of his motion to unseal or his subsequent objection to the trial court's settling of the record. Moreover, we deny as moot the request for judicial notice filed by the People on April 8, 2025.